57 CCPA

**AMERICAN EXPRESS CO., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5335.**

United States Court of Customs and Patent Appeals.
May 28, 1970.

Barnes, Richardson & Colburn, New York City, attorneys of record, for appellant. Earl R. Lidstrom, Chicago, Ill., of counsel.

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Fredrick L. Ikenson, New York City, for the United States.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and McMANUS, Chief Judge, Northern District of Iowa, sitting by designation.

384

BALDWIN, Judge.

This is an appeal by the importer from the decision and judgment of the Second Division of the United States Customs Court [1] overruling the importer's protest against the classification of the imported merchandise by the Collector of Customs for the port of Chicago, Illinois. The merchandise consists of black wrought iron chandeliers which were classified as illuminating articles, other, under item 653.40 of the Tariff Schedules of the United States (TSUS) and assessed a duty at 19 per centum ad valorem.

The importer contends the merchandise is properly classifiable under item 688.40, TSUS, which provides for electrical articles and electrical parts of articles, not specially provided for, dutiable at 11.5 per centum ad valorem.

## THE STATUTES

### Tariff Schedules of the United States

Schedule 6, Part 3, Subpart F:

Subpart F Headnotes

1. The provisions of this subpart do not include—

\* \* \* \* \* \* \* \*

(iv) illuminating articles provided for in part 5 of this schedule.

\* \* \* \* \* \* \* \*

Illuminating articles and parts thereof, of base base metal:

Incandescent lamps designed to be operated by propane or other gas, or by compressed air and kerosene or gasoline . . . . . . . . . . . . . . . .

Other:

Table, floor and other portable lamps for indoor illumination, of brass . . . . . . . . . . . . . .

653.40     Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19% ad val.

Schedule 6, Part 5

688.40   Electrical articles, and electrical parts of articles, not specially provided for . . . . . . . . .11.5% ad val.

The issue involved here is whether the Customs Court erred in declaring that electrical metal chandeliers are illuminating articles within the meaning of item 653.40 of the Tariff Schedules, as classified by the Customs authorities, rather than as illuminating articles which are excluded from part 3, subpart F because of headnote 1. (iv), and which are properly classifiable as electric articles, not specially provided for within item 688.40, as contended by appellant.

It was stipulated by the parties that the merchandise consists of black wrought iron chandeliers which illuminate, are composed of base metal, and come equipped with wire and fixtures enabling operation by electricity.

The court below, in a long and thorough opinion by Chief Judge Rao, reviewed the legislative history and Congressional intent concerning the statutes here involved, and we do not deem it necessary to repeat the same since we

1. American Express Co. v. United States, 61 Cst.Ct. 208, C.D. 3573, 290 F.Supp. 778 (1968).

conclude that the decision and judgment are correct. We therefore adopt the holding of the lower court as stated in the following language:

In view of what we conceive to be the legislative intent to perpetuate all prior distinctions between lighting fixtures and electrical articles, we find no merit in the contention of plaintiff that the illuminating articles provisions of schedule 6, part 3, subpart F, should be construed as relating to non-electrical lighting equipment and that all electrical illuminating articles not specifically enumerated in part 5 are electrical articles not specially provided for. So radical a departure from preexisting concepts must surely require a more explicit expression upon the part of Congress than the language invoked by plaintiff.

Accordingly, the judgment of the Customs Court is affirmed.

Affirmed.